<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BANKWELL BANK,<br><br>        Plaintiff,<br><br>   v.<br><br>BRAY ENTERTAINMENT, INC., et al.,<br><br>        Defendants. | **Civil Action No. 20-49 (SRC)**<br><br>**OPINION & ORDER** |

<u>**CHESLER**</u>, District Judge

  This matter comes before the Court on the motion to dismiss counts eleven through fifteen in the Fourth Amended Complaint by Defendants BiGMedia.ai, Inc., Christopher Bray, Bray Entertainment, Inc., Bray Films, Inc., Bray Media Limited Liability Company, Brayniac LLC, Mirayam M Solomon, and Vampire Post Inc. (collectively, "Bray.")  Plaintiff Bankwell Bank ("Bankwell") has opposed the motion.  For the reasons expressed below, the Court will grant the motion to dismiss.

  This case arises from a dispute between a lender, Bankwell, and a borrower, Bray.  The Fourth Amended Complaint ("FAC"), filed July 28, 2020, asserts fifteen claims.  Bray moves to dismiss five claims: 1) Count Eleven (intentional fraudulent transfer as to present and future creditors against Bray Defendants and BiGMedia); 2) Count Twelve (constructive fraudulent transfer as to present and future creditors against Bray Defendants and BiGMedia); 3) Count Thirteen (constructive fraudulent transfer as to present creditors against Bray Defendants and BiGMedia); 4) Count Fourteen (constructive fraudulent transfer as to present creditors against

Bray Defendants and BiGMedia); and 5) Count Fifteen (unjust enrichment against Bray Defendants and BiGMedia). In sum, Counts Eleven through Fourteen allege fraudulent transfer, and Count 15 alleges unjust enrichment.

Bray moves to dismiss on two principal grounds: 1) evidence extrinsic to the FAC shows that no transfer ever occurred; and 2) the FAC fails to plead the fraudulent transfer claims with the particularity required by Federal Rule of Civil Procedure 9(b).

The Court first considers the argument predicated on Rule 9(b). To meet the pleading requirements of Rule 8(a), a complaint must contain "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). Rule 9(b), which applies to claims sounding in fraud, sets a heightened requirement: the complaint must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Third Circuit has held that to satisfy Rule 9(b)'s stringent standard, "the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007).

Bray argues, correctly, that the fraudulent transfer claims, Counts Eleven through Fourteen, fail to meet the particularity requirements of Rule 9(b). The FAC pleads the element of fraud in these claims in a conclusory fashion, and does not satisfy the Third Circuit's

requirements for precision.  As to these counts, the motion to dismiss will be granted.  This leaves only the unjust enrichment claim at issue.

As to Bray's first argument, that evidence extrinsic to the FAC shows that there was no transfer, on a motion to dismiss, federal courts generally must accept the factual allegations in the pleading as true, and may not test their truth by reference to evidence extrinsic to the pleading.  In re Asbestos Prods. Liab. Litig. (No. VI), 822 F.3d 125, 133 (2016) ("a court considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may consider only the allegations contained in the pleading to determine its sufficiency.")  While it is true that in deciding a 12(b)(6) motion a Court may refer to extrinsic material of which it is permitted to take judicial notice, or material specifically relied upon, referenced, incorporated, or adopted in the Complaint, the Court cannot go beyond these specifically delineated limitations without converting the motion to dismiss to one for summary judgment.

This Court, however, need not reach the question of whether to consider Bray's extrinsic evidence, because the argument that the unjust enrichment claim lacks an adequate factual foundation is clearly true regardless: Count Fifteen is supported largely by conclusory allegations which are insufficient to satisfy the plausibility requirement of Iqbal.  As to Count Fifteen, the motion to dismiss will be granted.

Bray's motion to dismiss is granted, and Counts Eleven through Fifteen are dismissed without prejudice.  Plaintiff is granted leave to replead these claims within 30 days of the date of entry of this Opinion and Order.

For these reasons,

**IT IS** on this 7th day of October, 2020

**ORDERED** that Defendants' motion to dismiss counts eleven through fifteen in the Fourth Amended Complaint (Docket Entry No. 53) is **GRANTED**, and counts eleven through fifteen in the Fourth Amended Complaint are hereby **DISMISSED** without prejudice; and it is further

**ORDERED** that Plaintiff is granted leave to amend counts eleven through fifteen within 30 days of the date of entry of this Opinion and Order.

                                                                         s/ Stanley R. Chesler
                                                                        STANLEY R. CHESLER
                                                                   United States District Judge