NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BANKWELL BANK, | |
| Plaintiff, | Civil Action No. 20-49 (SRC) |
| v. | **OPINION & ORDER** |
| BRAY ENTERTAINMENT, INC., et al., | |
| Defendants. | |

**CHESLER**, District Judge

This matter comes before the Court on the motion to dismiss counts eleven through fifteen in the Sixth Amended Complaint by Defendants BiGMedia.ai, Inc. ("BiGMedia"), Christopher Bray, Bray Entertainment, Inc., Bray Films, Inc., Bray Media Limited Liability Company, Brayniac LLC, Mirayam M. Solomon, and Vampire Post Inc. (collectively, "Bray.") Plaintiff Bankwell Bank ("Bankwell") has opposed the motion. For the reasons expressed below, the Court will deny the motion to dismiss.

The background to this case has been described in previous Opinions and need not be repeated. On January 21, 2021, this Court granted Defendants' previous motion to dismiss the Fifth Amended Complaint ("AC5"), and granted leave for Plaintiff to replead the fraudulent transfer claims, claims eleven through fourteen, and the unjust enrichment claim, claim fifteen. On February 19, 2021, filed the Sixth Amended Complaint ("AC6"). Defendants now move to dismiss the amended claims.

Defendants again argue that, as to the four fraudulent transfer claims and the unjust enrichment claim, the AC6 pleads no facts which can make plausible that any transfer occurred. In brief, this time, this Court disagrees. Consider this Court's statement in the previous Opinion granting the motion to dismiss:

> Defendants point out that the AC5 pleads only that BiGMedia applied for four trademark registrations, and does not plead facts to support the inference that the software associated with these trademarks was transferred. Rather, the AC5 pleads: "In June, 2019, Defendant Bray caused Brayniac and Bray Entertainment to transfer the Software Products to BiGMedia as evidenced by the filing of the trademark applications in the name of BiGMedia." (AC5 ¶ 141.) This assertion provides the sole factual foundation for the fraudulent transfer and unjust enrichment claims.

(Opinion and Order of January 21, 2021 at 2.) The amendments reflected in the AC6 make this no longer a correct assessment of counts eleven through fifteen.

Now, the AC6 contains a detailed set of allegations which state, in short, that Defendants Christopher Bray and Brayniac LLC created, marketed, and licensed a suite of software products, including "ReleaseME" and "DeliverME," during 2018 and 2019. (AC6 ¶¶ 45-90.) The AC6 then alleges that Defendant Christopher Bray formed a Delaware corporation named "BiGMedia.ai, Inc." in May of 2019. (AC6 ¶ 91.) The AC6 alleges that the transfer of the software products to the new corporation occurred in June of 2016. (AC6 ¶ 93.) The AC6 alleges that, on June 28, 2019, Defendant Bray submitted trademark applications to the USPTO for the marks "RELEASEME," "DELIVERME," and "THE ME SUITE," and stated in the applications that the owner of each of these products was BigMedia.ai. (AC6 ¶¶ 95-98.) The AC6 also alleges that BigMedia has subsequently marketed licenses for use of these software products. (AC6 ¶¶ 101-104.)

To meet the pleading requirements of Rule 8(a), a complaint must contain "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). This Court finds that the AC6 now contains sufficient factual allegations to make plausible the inference that Defendants fraudulently transferred the software products at issue. As to the claims at issue, the fraudulent transfer claims and the unjust enrichment claim, the requirements of Iqbal and Twombly have been satisfied.

As to the fraudulent transfer claims only, Rule 9(b), which applies to claims sounding in fraud, sets a heightened requirement: the complaint must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Third Circuit has held that to satisfy Rule 9(b)'s stringent standard, "the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007).

Defendants argue that the fraudulent transfer claims, Counts Eleven through Fourteen, fail to meet the particularity requirements of Rule 9(b). Defendants contend that Plaintiff has failed to plead with sufficient particularity the "who," the "what," the "when," and the "how" of the story. This Court disagrees. The AC6 clearly identifies "who" made the transfers: Defendant Christopher Bray, perhaps through one of the entities he is alleged to control. The

3

AC6 clearly identifies "what" was transferred: the "ReleaseMe" and "DeliverMe" software products.

As to the "when" and the "how," Defendants' short treatment of those issues makes no valid points, offering rhetoric rather than analysis. Defendants' contention that no publicly available transfer documents exist rests on a factual allegation extrinsic to the pleading and is irrelevant to this motion. "The defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). Defendants have failed to persuade this Court that the requirements of Rule 9(b) have not been met.

Moreover, Defendants rely on a constricted understanding of how courts in the Third Circuit apply the requirements of Rule 9(b). It is true that the Third Circuit has often referred to the formula that Rule 9(b) requires "that plaintiffs support their allegations of securities fraud with all of the essential factual background that would accompany 'the first paragraph of any newspaper story' -- that is, the 'who, what, when, where and how' of the events at issue." Rockefeller Ctr. Props. Sec. Litig. v. Rockefeller, 311 F.3d 198, 217 (3d Cir. 2002). The Third Circuit has made clear, however, that this is neither a rigid test nor a comprehensive statement of the law. A better general statement of the current fundamental principles for the Rule 9(b) analysis, under Third Circuit law, is that Rule 9(b) requires "that plaintiffs state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which [it is] charged and plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Alpizar-Fallas v. Favero, 908 F.3d 910, 919 (3d Cir. 2018). This Court finds that the AC6 states the circumstances of the alleged fraud with sufficient particularity to place

Defendants on notice of the precise misconduct with which they are charged, and that the factual allegations inject sufficient precision or substantiation into the fraudulent transfer allegation.

Defendants' motion to dismiss counts eleven through fifteen in the Sixth Amended Complaint will be denied.

For these reasons,

**IT IS** on this 13th day of May, 2021

**ORDERED** that Defendants' motion to dismiss counts eleven through fifteen in the Sixth Amended Complaint (Docket Entry No. 84) is **DENIED**.

   s/ Stanley R. Chesler     
STANLEY R. CHESLER  
United States District Judge